# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS | CASE NO. 1:09-cv-00118-OWW-SMS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO F.R.Civ.P. 26 (a) AND (c) |
| L.L. SCHULTIES, et al., | |
| Defendants. | (Doc. 14) |

Plaintiff moves for a protective order, pursuant to F.R.Civ.P. 26 (a) and (c), alleging that after being transferred from Tehachapi State Prison ("TSP") to California State Prison at Corcoran ("CSPC") to High Desert State Prison ("HDSP") within "a matter of days," his legal property, including books, research, and supplies, has failed to arrive at HDSP. Plaintiff further argues that he is being denied law library access. Plaintiff's motion presents multiple substantive and procedural problems that require this court to deny his motion.

First, F.R.Civ.P. 26 (a) and (c) address protective orders in the context of discovery requests. The underlying case (Williams v. Schulties, Case No. 1:09-cv-00118-OWW-SMS PC) is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. The case is presently being screened pursuant to 28 U.S.C. § 1915A. No defendant has yet been served, and no discovery has been initiated. Applying a discovery rule to plaintiff's situation is inappropriate.

Second, plaintiff seeks a protective order against HDSP (and possible TSP), neither of which is a party to this lawsuit. Because HDSP is not a party to this suit, the court lacks jurisdiction over

it. The court is unable to issue an order against entities which are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

Nor could plaintiff add HDSP or TSP as a plaintiff by amendment to the underlying lawsuit. Fed.R.Civ.P. 20 precludes such joinder. Rule 20 provides:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Although "Rule 20 . . . is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits" (League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)), the goal of promoting judicial economy is not served when the underlying incidents are completely separate and would require completely separate proofs. Harris v. Spellman, 150 F.R.D. 130, 132 (N.D.Ill. 1993).

Because the claims articulated in plaintiff's motion do not arise from the same transaction or occurrence as the underlying case, they fail the rule's first prong and are inappropriate for joinder. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Harris, 150 F.R.D. at 131; Heath v. Bell, 448 F.Supp. 416, 418 (M.D. Penn. 1977). Plaintiff's allegations of conspiracy between TSP and HDSP, retaliation, denial of court access, and deprivation of legal books and supplies are appropriately brought as a separate action under 42 U.S.C. § 1983.

The court acknowledges that plaintiff's decision to seek a protective order reflects his concern that he not miss approaching deadlines in his pending cases. In a brief review of CM/ECF, the court identified four cases in which Steven Williams is listed as plaintiff: (1) the underlying case, in which review of plaintiff's first amended complaint and a subsequent motion to further amend the complaint are pending; (2) Williams v. Sullivan (1:09-cv-00062), in which an amended complaint was due on August 25, 2009; (3) Williams v. Sampson (1:09-cv-00551-AWI-DLB PC), in which a newly filed complaint is awaiting its initial screening under 28 U.S.C. § 1915A(a); and (4)

Williams v. Sullivan (1:08-cv-01187-DGC), dismissed on June 30, 2009, for failure to state a claim.[1] This order, addressing a motion filed only in the underlying case, does not address plaintiff's other cases. Plaintiff is advised to take whatever action(s) he deems necessary to protect his rights in each of his other cases, as he deems appropriate.

For the above-state reasons, this court hereby DENIES plaintiff's motion for a protective order in its entirety.

IT IS SO ORDERED.

**Dated:   September 1, 2009**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] "Steven Williams" is a common name in the Eastern District of California. If plaintiff has filed additional cases using variations of his name, such as a middle initial or a suffix (for example, "Jr." or "IV"), such cases would not have been identified in the court's search. The court assumes that plaintiff knows if he has more than four cases before this district. Plaintiff is responsible to take whatever action(s) he deems appropriate to protect his rights in any cases not identified in this order.

3